# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2023

Lyle W. Cayce
Clerk

No. 21-20439

Ricky Dockery,

*Plaintiff—Appellant*,

*versus*

Texas Department of Criminal Justice,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-966

Before King, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:[*]

A jury reached a verdict in favor of the Texas Department of Criminal Justice ("TDCJ"), rejecting claims of racial discrimination brought by an employee, Ricky Dockery. Dockery appealed. Before ruling on his appeal, we ordered the district court to conduct an evidentiary hearing to address Dockery's allegation of improper outside influence on the jury. *Dockery v. Texas Dep't of Crim. Just.*, No. 21-20439, 2022 WL 3097849, at \*3–4 (5th

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4. The opinion supplements the court's opinion in this case of January 6, 2023.

Cir. Aug. 3, 2022).   After the hearing uncovered no evidence of such influence, we affirmed the judgment. *Dockery v. Texas Dep't of Crim. Just.*, No. 21-20439, 2023 WL 119641, at *1 (5th Cir. Jan. 6, 2023).  Dockery now argues that the district court's fact-findings were in error.

We begin with a summary of our earlier order that identified the factual issue the district court was to explore.  Post-verdict, a juror signed an affidavit alleging that another juror informed everyone during deliberations that the latter's wife gave her opinion about why TDCJ's failure to promote Dockery was not discriminatory.  The affidavit asserted that the juror quoted his wife as saying "how important a 'management pipeline' was to an employer," implying that promoting those in the pipeline, which Dockery was not in, was reasonable.  On remand, the district court conducted an evidentiary hearing.  It found that no juror had discussed such a conversation during deliberations, that the one juror's affidavit was not an accurate description of what occurred, and that there was no improper extrinsic influence on the jury.  We then affirmed the district court's judgment that upheld the jury's verdict.

After our decision, Dockery has argued that the district court identified the wrong juror as the one who allegedly discussed the trial with his wife.  That argument caused us to have the parties explain how the former jurors who would be questioned were identified.  The parties agree that the district court allowed each party to select the witnesses who would provide testimony at the hearing.  In order to identify witnesses, the district court provided the parties with the original jury questionnaires consisting of the jurors' names, marital statuses, and professions.  According to Dockery (the record does not contain the questionnaires), the jury questionnaires showed there were three male jurors on the jury and that each was married.  TDCJ requested the district court query a specific male juror.  Dockery did not seek to have any additional male juror questioned, but he did request that the

former female juror who signed the affidavit that started this inquiry also be called to testify. Further, the district court had each counsel submit questions they wanted the court to ask.

At the hearing, the district court questioned the two jurors. The male juror denied that he spoke to his wife about the trial. After the court completed questioning that juror, it asked counsel if there were any further questions. There were none.

The affiant juror testified next. She stated that the other juror at the hearing was not the one who commented on a discussion with his wife. The affiant gave a physical description of the juror who allegedly had made the statements. Further, in describing the juror, the affiant testified that "[h]e was also the juror who I think we couldn't continue the trial on Friday, because he had somewhere to be, so we had to leave early for him." TDCJ's attorney then informed the court that the first juror questioned, the one who denied having made the relevant statements, was the one who had the trip: "He actually had a conversation with the Court about a trip where he had to fly to Las Vegas that evening, and we cut court short on Friday so that he could make that trip." The affiant responded, "I don't remember." The affiant stated "I don't remember" or "I don't [] recall" several times in responding to questions. She did remember that the juror who spoke to his wife was named "Christian," but there was no juror named Christian. One of the trial attorneys for TDCJ, though, was named Christian.

We required the evidentiary hearing so the parties could present witnesses on the claim. One juror provided evidence in support, but the only juror who was questioned on whether he made such statements denied having done so. Our order did not limit the number of former jurors to be questioned, nor does the record indicate the district court limited the parties to selecting only one witness each. We see nothing in the description of the

No. 21-20439

procedures the district court followed that would have prevented Dockery from, for example, seeking the testimony of all three male, married jurors.

The district court provided Dockery a reasonable opportunity to develop a record of what had occurred during jury deliberations. There was no clear error in the district court's finding that the affiant-juror's allegations lacked credibility, and there was no other evidence to support the claim about outside influence. We will not grant another opportunity for the facts to be developed.

The judgment of the district court rejecting Dockery's claims of discrimination is AFFIRMED. The mandate of the court shall issue immediately.